**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8

9   DEUTSCHE  BANK  NATIONAL  TRUST
    COMPANY,  AS  TRUSTEE  OF  THE
10  INDYMAC  INDX  MORTGAGE  LOAN
    TRUST  2006-AR2,  MORTGAGE  PASS-
11  THROUGH CERTIFICATES, SERIES 2006-
    AR2  UNDER  THE  POOLING  AND
12  SERVICING  AGREEMENT  DATED              No. C-11-02909 DMR
    FEBRUARY 1, 2006,
13                                           **REPORT AND RECOMMENDATION**
              Plaintiff,                     **TO REMAND TO CONTRA COSTA**
14                                           **COUNTY SUPERIOR COURT OF**
       v.                                    **CALIFORNIA**
15
    NORA PENAFLOR ET AL.,
16
              Defendants.
17  _____/

18

19        Defendant Nora Penaflor ("Defendant") removed this case pursuant to 28 U.S.C. § 1441

20  from Contra Costa County Superior Court, where it was pending as a complaint for unlawful

21  detainer against Defendant.  The Notice of Removal states two grounds for removal:  that the

22  Complaint presents a federal question such that the case could have originally been filed in this

23  Court and that diversity exists between the parties.  (Notice of Removal ¶¶ 5, 16.)  When a notice of

24  removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the

25  notice and any exhibits annexed thereto that removal should not be permitted, the court shall make

26  an order for summary remand."  28 U.S.C. § 1446(c)(4).  Plaintiff has not yet filed a declination or

27  consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  Therefore, the court

28

United States District Court

For the Northern District of California

1  issues herein a Report and Recommendation and reassigns this case to a District Judge for final

2  disposition, with the recommendation that summary remand be ordered.

**Federal Question Jurisdiction**

4        Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack

5  jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v.*

6  *Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted).  "[T]he presence or

7  absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

8  provides that federal jurisdiction exists only when a federal question is presented on the face of the

9  plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998)

10 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  That rule applies equally to

11 evaluating the existence of federal questions in cases brought initially in federal court and in

12 removed cases.  *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2

13 (2002).  Relevant for purposes here, a federal question exists only when it is presented by what is or

14 should have been alleged in the complaint.  *Id*. at 830.  The implication of a federal question through

15 issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction.

16 *Id*. at 831.

17        According to Defendant's Notice of Removal, a federal question arises because Plaintiff

18 Deutsche Bank National Trust Company ("Plaintiff") must "confront[] Federal Claims raised in

19 [Defendant's] affirmative defenses," (Notice of Removal ¶ 5), including the Federal Truth in

20 Lending Act, 15 U.S.C. §§ 1601-16666j; the Real Estate Settlement Procedures Act, 12 U.S.C.

21 § 2601 *et seq.*; and various federal regulations.  (Notice of Removal ¶ 8.)  The complaint that

22 Plaintiff filed in Contra Costa County Superior Court, however, simply alleges a state cause of

23 action under unlawful detainer.  (Compl. ¶¶ 6-8.)  Whatever Defendant intends to argue in response

24 to this allegation does not give rise to removal jurisdiction.

**Diversity Jurisdiction**

26        A district court has diversity jurisdiction where the parties are diverse and "the matter in

27 controversy exceeds the sum or value of $75,000, exclusive of interests and costs."  28 U.S.C.

**United States District Court**
For the Northern District of California

§ 1332. "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ." *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993). Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may be shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (that statute of limitations defense might bar portion of relief sought did not affect amount in controversy). Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

Defendant avers that this case fulfills the diversity jurisdiction requirements. (Notice of Removal ¶ 16.) She claims that she is a resident and citizen of the State of California, that Plaintiff is not incorporated in the state, and that the amount in controversy in this case is $453,882, the value of her home. (Notice of Removal ¶ 16.) However, Defendant overlooks that the face of the Complaint unequivocally places its "DEMAND UNDER $10,000." (Compl.) As Plaintiff seeks $50.00 per day for Defendant's refusal to vacate the property beyond January 17, 2011, the total potential damages at the time of removal were $7,400, far below the $75,000 minimum required to establish diversity jurisdiction. Further, possession of the real property is the sole issue in the Complaint. The value of the property is irrelevant to the issue of possession. Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

## Conclusion

For the reasons above, the court recommends that this action be remanded to the Solano County Superior Court and that the Clerk be ordered to close the case file. Pursuant to Fed. R. Civ. P. 72, a party may serve and file objections to this Report and Recommendation within fourteen days after being served with a copy of said report. The Clerk is directed to reassign this case to a District Judge.

IT IS SO ORDERED.

Dated: June 23, 2011

_____
DONNA M. RYU
United States Magistrate Judge